**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4647**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RONALD ARTHUR HARRIS,

            Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., Chief District Judge.   (3:06-cr-00113-RJC)

---

Submitted:  June 9, 2009              Decided:  July 20, 2009

---

Before TRAXLER, Chief Judge, and MICHAEL and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Arthur Harris appeals his sentence after pleading guilty to possession with intent to distribute cocaine, cocaine base, and marijuana, and using and carrying a firearm during and in relation to a drug trafficking crime. Harris's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel raised the issue of whether Harris's sentence was reasonable and whether the district court erred in not departing further based on the Government's substantial assistance motion under U.S. Sentencing Guidelines Manual § 5K1.1 (2005).[*] Harris was informed of his right to file a pro se supplemental brief but has not done so. The Government declined to file a reply brief. Finding no error, we affirm.

This court will affirm the district court's imposition of sentence as long as the sentence is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ____, 128 S. Ct. 586, 596 (2007). Appellate review

_____

[*] This case was placed in abeyance for United States v. Antonio, 311 F. App'x 679, 2009 WL 430426 (4th Cir. 2009) (No. 07-4791). The decision in Antonio does not affect the outcome of Harris's appeal.

of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. 128 S. Ct. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Harris, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable Guidelines range, taking testimony from Harris's relatives, considering the extent of Harris's substantial assistance, performing an "individualized assessment" of the § 3553(a) factors to the facts of the case, and stating in open court the reasons for the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). (JA 74-77).

In addition, although Harris states that the district court should have granted a larger downward departure from the Guidelines range pursuant to § 5K1.1, a district court's failure to grant a downward departure is not reviewable unless a district court was under the mistaken impression that it lacked the authority to depart. United States v. Matthews, 209 F.3d 338, 352 (4th Cir. 2000); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases declining to

3

review a district court's decision not to depart, even after Booker). Here, the court granted the substantial assistance motion and the extent of departure is challenged. There is no evidence that the district court misunderstood its authority to depart. Thus, Harris's challenge to the district court's failure to depart further is not cognizable on appeal.

We therefore affirm the judgment. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Harris's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED